Mark E. Ellis - 127159
Kimberly E. Lewellen - 243663
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant
SIMM ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMONA PATRICIA CARDON,<br><br>　　　Plaintiff,<br><br>v.<br><br>SIMM ASSOCIATES, INC. a Delaware corporation, and DEFENDANT DOES 1 through 10,<br><br>　　　Defendant. | Case No.:  C08-02130 RS<br><br>**ANSWER TO COMPLAINT** |

　　　Defendant Simm Associates, Inc, a Delaware corporation, answers and responses to Plaintiff Ramona Patricia Cardon's ("Cardon") Complaint as follows:

　　　1.　　As to paragraph one, Defendant denies the allegation that Plaintiff seeks to remedy alleged violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et. seq.. Rather, the Complaint also seeks remedies under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq., as set forth in ¶¶ 6, 7, 18, 23, 24, Prayer for Relief ¶¶ d-e.

　　　2.　　As to paragraph two, Defendant lacks sufficient information at this time to admit or deny and therefore denies the allegation therein.  To the extent that the Complaint alleges that state court has exclusive jurisdiction over this action, Defendant denies that allegation.

　　　3.　　As to paragraph three, Defendant lacks sufficient information to admit or deny and

1  therefore denies the allegation therein.

2      4.    As to paragraph four, Defendant lacks sufficient information to admit or deny and
3  therefore denies the allegations therein.

4      5.    As to paragraph five, Defendant lacks sufficient information to admit or deny and
5  therefore denies the allegations therein.

6      6.    As to paragraph six, Defendant admits that it is a debt collector, that its principal place
7  of business is located at 800 Pencader Drive, Newark, Delaware 19702-3354, and that it may be served
8  as alleged in the Complaint on file herein. Defendant lacks sufficient information to admit or deny the
9  remaining allegations therein and therefore denies.

10     7.    As to paragraph seven, Defendant lacks sufficient facts or knowledge to admit or deny
11 and therefore denies the allegations therein.

12     8.    As to paragraph eight, Defendant lacks sufficient information to admit or deny and
13 therefore denies the allegations therein.

14     9.    As to paragraph nine, Defendant lacks sufficient information to admit or deny and
15 therefore denies the allegations therein.

16     10.    As to paragraph ten, Defendant admits the allegation therein.

17     11.    As to paragraph eleven, Defendant admits the allegation therein.

18     12.    As to paragraph twelve, Defendant admits the allegation therein.

19     13.    As to paragraph thirteen, Defendant admits the allegation therein.

20     14.    As to paragraph fourteen, Defendant admits the allegation therein.

21     15.    As to paragraph fifteen, Defendant incorporates by reference its admissions and denials
22 to paragraphs 1 through 13 above.

23     16.    As to paragraph sixteen, Defendant lacks sufficient information to admit or deny and
24 therefore denies the allegation therein.

25     17.    As to paragraph seventeen, Defendant admits it is a debt collector and as to the
26 remaining allegations, lacks sufficient information to admit or deny and therefore denies the allegation
27 therein.

28     18.    As to paragraph eighteen, Defendant admits it is a debt collector and as to the remaining

allegations, lacks sufficient information to admit or deny and therefore denies the allegation therein.

19. As to paragraph nineteen, Defendant lacks sufficient information to admit or deny and therefore denies the allegation therein.

20. As to paragraph twenty, Defendant admits that the collection letter (Exhibit "1") failed to include the notice required by Cal. Civil Code §1812.700(a), and denies the remaining allegations therein.

21. As to paragraph twenty-one, Defendant denies the allegation therein.

22. As to paragraph twenty-two, Defendant denies the allegation therein.

23. As to paragraph twenty-three, Defendant denies the allegation therein.

24. As to paragraph twenty-four, Defendant denies the allegation therein

25. As to paragraph twenty-five, Defendant admits that Cal. Civil Code §1788.32 provides the remedies alleged, but denies that Plaintiff is entitled to the remedies set forth in that section.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

26. Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action as to this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

27. Defendant alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

28. Defendant alleges that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

29. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said

negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

30.   Defendant is informed and believes, and thereon alleges that Plaintiff has no standing to pursue this action against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

31.   Defendant alleges that all of its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

32.   Defendant alleges that it has no civil liability under the FDCPA, **15 U.S.C. §1692k(c)** and/or **California Civil Code § 1788.30(e)**, as any violation was a bona fide error made in good faith and was unintentional.

### EIGHTH AFFIRMATIVE DEFENSE

33.   Defendant alleges that any representations or statements alleged to have been made by or on behalf of this answering Defendant were true, accurate at the time made, and /or otherwise made in good faith and with reasonable belief as to their validity and accuracy.

### NINTH AFFIRMATIVE DEFENSE

34.   Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the interested-person privilege embodied either in **California Civil Code § 47(c)** or under state and federal common law, and/or under **California Civil Code § 1788.12(e).**

### TENTH AFFIRMATIVE DEFENSE

35.   Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

36.   This answering Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in plaintiff's complaint, and the causes of action alleged therein, were consented to by the plaintiff.

//

**TWELFTH AFFIRMATIVE DEFENSE**

37. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrine of Waiver and/or estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

38. This answering Defendant is informed and believes and thereon alleges that any actions taken by this answering Defendant alleged in plaintiff's Complaint, were fair, not unconscionable, and effected by non-deceptive and lawful means.

**FOURTEENTH AFFIRMATIVE DEFENSE**

39. This answering Defendant is informed and believes and thereon alleges that the plaintiff's alleged causes of action may be seeking punitive damages. The decisions of law, if applied in this case, would contravene this answering Defendant's constitutional rights to substantive and procedural due process of law as preserved for this Defendant by the Fourteenth Amendment of the United States Constitution, and further would constitute a denial by this Court of these answering Defendant's constitutional right to equal protection under the law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual punishment as well as an excessive fine as proscribed by the Eighth Amendment; and further would constitute a taking a private property for public use without just compensation, and such taking would contravene these answering Defendants' constitutional rights preserved by the Fourteenth Amendment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

40. Defendant alleges that its actions were taken with the implied consent of the plaintiff, and, otherwise, ere not intended to harm or injure the plaintiff, but only to communicate for the purpose of a legitimate business need.

**SIXTEENTH AFFIRMATIVE DEFENSE**

41. Defendant denies that it, in any way, willfully and/or intentionally violated any provision of federal or state law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claim is subject to the defense of set-off and defendant is entitled to set-off any recovery by Plaintiff by the amount of any outstanding debts.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

**NINETEENTH AFFIRMATIVE DEFENSE**

43. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**TWENTIETH AFFIRMATIVE DEFENSE**

44. To the extent that Plaintiff claims that this answering Defendant violated the Rosenthal Fair Debt Collections Practices Act, **California Civil Code Sections 1788 et seq.**, Defendant asserts the common law creditor's privilege set forth in **Simons v. Mercury Savings and Loan** (1990) 225 Cal.App.3d 1458, as well as the statutory defenses found at **California Civil Code Section 1788.30 subdivisions (d), (e), (f), and (g)**.

**JURY TRIAL REQUESTED**

45. Defendant hereby requests a jury trial.

//
//
//
//
//
//
//
//
//
//

## **PRAYER**

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be dismissed and awarded judgment in this action;
3. For attorney's fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: April 28, 2008

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By _____
Kimberly E. Lewellen
Attorney for Defendant
SIMM ASSOCIATES, INC.

# CERTIFICATE OF SERVICE

I, Alexandria Felix, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 28, 2008, I served the following document(s) on the parties in the within action:

**ANSWER TO COMPLAINT**

| | | |
|---|---|---|
| X | **VIA ELECTRONIC SERVICE:** | The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL:** | I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND:** | The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE:** | The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE:** | The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Fred W. Schwinn<br>Consumer Law Center, Inc.<br>12 South First Street<br>Suite 1014<br>San Jose, CA 95113-2404 | Attorneys for<br>PLAINTIFF RAMONA PATRICA CARDON |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 28, 2008.

By _____
Alexandria Felix