Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RAMONA PATRICIA CARDON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| RAMONA PATRICIA CARDON,<br><br>  Plaintiff,<br><br>v.<br><br>SIMM ASSOCIATES, INC., a Delaware corporation, and DEFENDANT DOES 1 through 10,<br><br>  Defendants. | Case No.  C08-02130-JW-RS<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER TO REMAND**<br><br>Date:         July 7, 2008<br>Time:         9:00 a.m.<br>Judge:        Honorable James Ware<br>Courtroom:  8, 4th Floor<br>Place:         280 South First Street<br>                  San Jose, California. |

TO:  ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 7, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8 of the United States District Court, located at 280 South First Street, San Jose, California, before the Honorable James Ware, United States District Judge, Plaintiff, RAMONA PATRICIA CARDON ("Movant"), will move the Court for an Order remanding the herein civil action to the Superior Court of California, County of Santa Clara.

This motion is based on this Notice of Motion and Motion for Order to Remand, and such other evidence, argument and authorities which may be presented at or prior to the hearing before this Court on this Motion, and such other and further matters of which this Court may take judicial notice.

Please govern yourself accordingly.

/ / /

# MOTION TO REMAND

**A.  LEGAL ARGUMENT**

Defendant, SIMM ASSOCIATES, INC., improperly removed this action to federal court. *See* Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Federal Question) (Doc. 1) ("Notice of Removal"). "[A] state claim may be removed to federal court in only two circumstances – when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."[1] It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit.[2] In its Notice of Removal, Defendant alleges that the action arises under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), in an attempt to justify removal of this action. Defendant is incorrect because the action arises under California Civil Code §§ 1812.700-702 and 1788 *et seq.*, the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") – a state statute not pre-empted by any federal statute.

Any removal of a state complaint, under the guise of 28 U.S.C. § 1441, requires that such complaint contain one or more claims that are within the original subject matter jurisdiction of the Federal court.[3] For a district court to have original subject matter jurisdiction, the complaint must contain a claim that "aris[es] under the Constitution, laws, or treaties of the United States."[4] A claim or cause of action only "arises under" federal law "when the plaintiff's well-pleaded complaint raises issues of federal law."[5]

One way that removal of a state complaint is proper on the basis of original federal jurisdiction is when the existence of a federal claim or question is evident from the face of the well-

---

[1] *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003).

[2] *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 430 (1999).

[3] *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998); *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 819 (9th Cir. 2001).

[4] 28 U.S.C. §§ 1331, 1441(b).

[5] *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

1  pleaded complaint.[6]  In such a case, "a right or immunity created by the Constitution of laws of the
2  United States must be an element, and an essential one, of the plaintiff's cause of action."[7]
3  Further, original federal jurisdiction is unavailable on the claim a complaint "arises under"
4  federal law "unless it appears that some substantial disputed question of federal law is a necessary
5  element of one of the well-pleaded state claims."[8]  When no federal claim or question is evident
6  from the face of the complaint, original jurisdiction removal can only be proper when the state law
7  claim is so completely preempted by an area of federal law that such claim is necessarily deemed
8  to "arise under" federal law.[9]

**B.  DEFENDANT IMPROPERLY REMOVED THIS ACTION TO FEDERAL COURT**

Defendant's argument for removal is that the District court has original jurisdiction because the cause of action arises under the FDCPA. Defendant quotes paragraphs 6, 7, 18, 23 and 24 of the Complaint in support.[10]  The quoted language alleges that Defendant and the unnamed Doe Defendants are "third party debt collector[s] subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*," which is an element of Cal. Civ. Code § 1812.700 under which Movant brought this action.  Cal. Civ. Code § 1812.700 incorporates the remedies of the RFDCPA, which, in turn, incorporates certain rights and remedies of the FDCPA.[11]  In interpreting Cal. Civ. Code § 1788.17, this Court has previously stated:

> California simply incorporated by reference the text of certain federal provisions into the [RFDCPA], rather than copying them verbatim into the California code.[12]

---

[6] *Metropolitan*, 481 U.S. at 63-64;  *Abraham*, 265 F.3d at 819.

[7] *Gully v. First National Bank*, 299 U.S. 109, 112 (1936).

[8] *Franchise Tax Bd. For the State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13 (1983).

[9] *Metropolitan*, 481 U.S. at 63-64;  *Abraham*, 265 F3d at 819.

[10] Removal Notice ¶ 3.

[11] *Abels v. JBC Legal Group, Inc.*, 229 F.R.D. 152 (N.D. Cal. 2005) (J. Ware).

[12] *Alkan v. Citimortgage*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004) (J. Whyte).

-3-

1     Thus, the language quoted by Defendant does <u>not</u> serve to alter the nature of the cause of
2  action. The <u>Complaint</u> in this case does not state a federal cause of action on its face. The state-law
3  statute creating the cause of action merely defines those subject to the statute as those who would
4  be subject to the FDCPA, in the same way it has incorporated by reference the text of the FDCPA
5  itself.

6     Furthermore, original jurisdiction is unavailable because the RFDCPA is not preempted by
7  the FDCPA. In fact, the FDCPA contains anti-preemption language that is directed toward state
8  laws regarding the regulation of collection practices:

> This subchapter does not annul, alter, or affect or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.[13]

13     It is clear that a state law that specifically regulates debt collection is not preempted by the
14  FDCPA as long as the state law provides the debtor greater protection from improper conduct than
15  the FDCPA.[14]

16     Accordingly, this matter should be remanded to the Superior Court of California, County of
17  Santa Clara, with fees and costs awarded to Movant for Defendant's improper attempt to remove
18  and for forcing Movant to file a motion to have the matter remanded.[15] Movant requests leave to

---

[13] 15 U.S.C. § 1692n.

[14] *Thrasher v. Cardholder Servs.*, 74 F. Supp. 2d 691, 694 (S.D. Miss. 1999) (*quoting* 15 U.S.C. § 1692n); *see also Irwin v. Mascott*, 186 F.R.D. 567, 573 (N.D. Cal. 1999) (holding that the FDCPA does not preempt state laws, such as the Cal. Bus. & Prof. Code § 17200, that regulate debtor/creditor relationships and provide greater protection from debt collectors than the FDCPA); *Pirouzian v SLM Corp.*, 396 F.Supp.2d 1124 (S.D. Cal. 2005) ( holding that although Cal. Civ. Code § 1788.2(c) of California Fair Debt Collection Practices Act (CFDCPA), Cal. Civ. Code § 1788 *et seq.*, defined "debt collector" differently than [the FDCPA], student loan borrower's claims against student loan servicing company under CFDCPA were not preempted by FDCPA because CFDCPA's more inclusive definition of "debt collector" was not inconsistent with FDCPA and, thus, not preempted under 15 U.S.C. § 1692n.).

[15] *Cohen v. GTE Government Services Corporation*, 1993 U.S. Dist. LEXIS 7914, *8 (N.D. Cal. Apr. 6, 1993) (J. Whyte) (discussing 28 U.S.C. § 1446 and 28 U.S.C. § 1447).

1  file a supplemental declaration, regarding fees and costs incurred relating to this issue, within 15
2  days of the Court's Remand Order.

                                       Respectfully submitted,

                                       By: /s/ Fred W. Schwinn
                                       Fred W. Schwinn (SBN 225575)
                                       CONSUMER LAW CENTER, INC.
                                       12 South First Street, Suite 1014
                                       San Jose, California  95113-2418
                                       Telephone Number: (408) 294-6100
                                       Facsimile Number: (408) 294-6190
                                       Email Address: fred.schwinn@sjconsumerlaw.com

                                       Attorney for Plaintiff
                                       RAMONA PATRICIA CARDON