1  Mark E. Ellis - 127159
   Kimberly E. Lewellen - 243663
2  ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA  95825
   Tel: (916) 283-8820
4  Fax: (916) 283-8821

5  Attorneys for Defendant
   SIMM ASSOCIATES, INC.

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

| | |
|---|---|
| 12  RAMONA PATRICIA CARDON, | Case No.: C08-02130 RS |
| 13       Plaintiff, | **SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND** |
| 14  v. | |
| 15  SIMM ASSOCIATES, INC. a Delaware corporation, and DEFENDANT DOES 1 through 16  10, | Date:        September 15, 2008<br>Time:        9:00 a.m.<br>Judge:       Hon. James Ware<br>Courtroom: 8, 4th Floor |
| 17       Defendant. | Place:       280 South First Street<br>                San Jose, California |

18

19  **I.    INTRODUCTION**

20      The only issue before the Court is whether it has federal question subject matter jurisdiction.

21  Plaintiff pled a state law claim and appears to have pled a federal claim, or at a minimum, a state law

22  claim requiring application and construction of the federal Fair Debt Collection Practices Act, 15

23  U.S.C. §1692 et. seq ("FDCPA").  Plaintiff's pleading definitely alleges entitlement to damages under

24  the FDCPA.  Thus removal was proper.   However, now, Plaintiff seeks remand by characterizing her

25  Complaint as only under state law.  This characterization does not change the allegations in her

26  pleading, and is irrelevant to the issue of whether this Court has subject matter jurisdiction.

27      This case is a debt collection matter involving Defendant Simm Associates' alleged failure to

28  include the requisite notice set forth in Cal. Civ. Code §1812.700(a).  Based on this purported

- 1 -
**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

1   omission, Plaintiff RAMONA PATRICIA CARDON alleges a single claim under the Rosenthal

2   FDCPA, Cal. Civ. Code §1788 et. seq., based on two grounds: (1) technical violation of Cal. Civ.

3   Code §1812.702 for omission of the requisite Civ. Code §1812(a) notice; and (2) violation of the

4   Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et. seq., as incorporated by Civ.

5   Code §1788.17.   She seeks damages under both state and federal law.

6      Plaintiff in her motion attempts to evade basic tenets of original jurisdiction.  In particular, she

7   argues that her Rosenthal FDCPA claim does not present a federal question because Civ. Code

8   §1788.17 is technically a state law claim, and merely incorporates the FDCPA.   This argument flies in

9   the face of adverse precedent and Plaintiff's own Complaint.  Plaintiff has specifically pled entitlement

10  to damages pursuant to federal law.  Regardless of whether a California statute created the cause of

11  action, in order to be entitled to those damages, Plaintiff must show a violation of federal law.  As

12  such, removal was proper and Plaintiff's motion to remand should be denied.

13

## II.   PROCEDURAL BACKGROUND

14

15     Plaintiff filed this action in the Superior Court of the State of California, Santa Clara County, on

16  February 25, 2008.  Defendant SIMM ASSOCIATES, INC. ("Simm Assoc.") removed the action in a

17  timely manner to this Court on April 23, 2008, on the ground that this Court has original jurisdiction

18  under 28 U.S.C. §1331.  Plaintiff thereafter filed a motion to remand on June 2, 2008.

19  ## III.   LEGAL ANALYSIS

20     **A. The Complaint Alleges Entitlement to Damages under Federal Law, Which**
       **Requires that Plaintiff Show a Violation of Federal Law.**

21
    The Complaint contains one cause of action under the Rosenthal FDCPA, based on two grounds:

22  (1) violation of Cal. Civ. Code §1812.702, for failure to include the notice set forth in §1812.700(a),

23  and (2) violation of the FDCPA, 15 U.S.C. §§1692 (b)-(j), as incorporated by Cal. Civ. Code

24  §1788.17. *See, Complaint*, attached to *Lewellen Decl.* as **Exhibit A**, ¶¶ 6, 7, 14, 18, 20, 23-24, Prayer

25  for Relief at 5:15-21.  Both grounds are based on the same set of facts; namely, that Defendant

26  purportedly failed to include the notice required by Civ. Code §1812.700(a).  *Id*. at ¶¶9-21.  As to the

27  FDCPA violations and remedy sought, Plaintiff alleges as follows:

28

**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

1

2
> As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17.

3

*Id. at* ¶23.

4

5
> As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to Cal. Civil Code §1788.30(c) and statutory damages pursuant to 15 U.S.C. §1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

6

7

*Id. at* ¶24.

8
Plaintiff's prayer for relief demands (1) damages under the RFDCPA, Cal. Civil Code §1788 et.

9
seq., and §1812.700(a); and (2) statutory damages pursuant to the FDCPA, 15 U.S.C. §1692k(a)(2)(A),

10
as incorporated by Cal. Civ. Code §1788.17. *Id.* at 5:10-22.

11
By the terms of Civ. Code §1788.17, in order for there to be a violation of the Rosenthal FDCPA and

12
entitlement to FDCPA §1692k remedies, Plaintiff must show that Defendant failed to comply with the

13
FDCPA §§1692b to 1692j. **Civ. Code §1788.17;** *see,* Hood v. Santa Barbara Band & Trust

14
(Cal.App.2d 2006) 143 Cal.App. 4th 526, 544; *see also,* Winter v. I.C. Systems Inc. (S.D. Cal. 2008)

15
543 F.Supp.2d 1210, 1212. In this regard, Plaintiff appears to have pled a violation of federal law

16
necessary to support a claim for damages under federal law. *Complaint,* ¶¶23-24. Further, in order to

17
come under the ambit of the FDCPA, Plaintiff alleges that Simm Assoc. is a "debt collector" subject to

18
the FDCPA, and the underlying obligation is a "debt" as defined by the FDCPA. *Id.* at ¶18; *Motion to*

19
*Remand,* Docket No. 10, 3:12-16.

20

21
### B. This Court has Original Jurisdiction Because the Complaint Raises a Substantial Question of Federal Law.

22
As a general matter, defendants may remove to the appropriate federal district court "any civil

23
action brought in a State court of which the district courts of the United States have original

24
jurisdiction." **28 U.S.C. § 1441(a)-(b).** The district courts have original jurisdiction under the federal

25
question statute over cases "arising under the Constitution, laws, or treaties of the United States." **28**

26
**U.S.C. § 1331;** City of Chicago v. International College of Surgeons, (1997) 522 U.S. 156, 163, (U.S.

27
Ill. 1997) 118 S.Ct. 523, 529.

28

- 3 —

**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

1     A cause of action arises under federal law when the plaintiff's well-pleaded complaint raises issues

2     of federal law." Metropolitan Life Ins. Co. v. Taylor, (1987) 481 U.S. 58, 63, 107 S.Ct. 1542, 1546.

3     For instance, a federal question exists where the state law claim necessarily depends on resolution of

4     federal law, such as were federal law is a necessary element of plaintiff's cause of action.  Franchise

5     Tax Bd. v. Construction Laborers Vacation Trust, (1983) 463 U.S. 1, 9-10, 27-28, 103 S.Ct. 2841,

6     2846-48; Bonvillian v. United Auto Credit (E.D. Cal.) 2007 WL 810097, *1-4.  Moreover, even

7     though state law creates plaintiff's cause of action, a case will still "arise under" the laws of the United

8     States if a well-pleaded complaint established that its right to relief under *state law requires resolution*

9     *of a substantial question of federal law in dispute between the parties. Id.*; Grable & Sons Metal

10     Products, Inc. v. Darue Engineering & Mfg. (2005) 545 U.S. 308, 312-314, (U.S. 2005) 125 S.Ct.

11     2363, 2366-2368; *see*, North American Phillips Corp. v. Emery Air Freight Corp. (C.A.N.Y.,1978)

12     579 F.2d 229, 233 ; *see, also*, Ivy Broadcasting Co. v. American Tel. & Tel. Co. 3(C.A.N.Y. 1968) 91

13     F.2d 486, 489.

14     Here, Plaintiff claims she is entitled to damages pursuant to 15 U.S.C.A. §1692k, as incorporated by

15     Civ. Code §1788.17.  However, she can only recover such damages by proving a violation of the

16     FDCPA §§1692(b)-(j). **Civ. Code §1788.17**; *see*, Sanchez v. Client Services, Inc. (N.D. Cal. 2007) 520

17     F.Supp.2d 1149, 1159; s*ee also*, Hosseinzadeh v. M.R.S. Associates, Inc. (C.D.Cal. 2005)387

18     F.Supp.2d 1104, 1118.  Accordingly, the statutory requirements for the right of removal have been

19     met, and this court should deny Plaintiff's motion. *See*, Pettit v. Consolidated Rail Corp. (N.D. Ind.

20     1991) 765 F.Supp.508, 509 (concurrent jurisdiction over the complaint is no bar to removal).

21     Plaintiff argues that she only alleges a violation of the Rosenthal FDCPA, not the FDCPA; and as a

22     "state law claim", this Court does not have subject matter jurisdiction.  Docket No. 10, 3:10-4:5.[1]  This

23     seems to be directly contradicted by the Complaint alleging damages under the FDCPA.  Plaintiff

24     cannot avoid removal by clever pleading and vague allegations.  On the contrary, state law

25     classifications are immaterial to this Court's jurisdictional inquiry. *See*, Feitelberg v. Merrill Lynch &

26     Co. (N.D. Cal. 2002) 234 F.Supp.2d 1043, 1048.

27

---

[1] Plaintiff also argues that removal was improper because the FDCPA does not pre-empt the Rosenthal FDCPA.

28     Defendant does not dispute this argument and ignores the argument since it is completely inapplicable to the issues at hand.

- 4 -

**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

1   Under Plaintiff's explanation of her claims, she essentially argues that she is entitled to double

2   recovery for a single violation of state law. However, as the double recovery is based on a claim of

3   damages under federal law, a substantial question of federal law essentially exists. *See*, Docket No.

4   10, 3:12-4:1-5. Plaintiff cites Abels v. JBC Legal Group, Inc. (N.D. Cal. 2005) 229 F.R.D. 152, in

5   support of her argument. Abels does not even remotely address the issue here and/or support

6   Plaintiff's argument. *See*, Abels v. JBC Legal Group, Inc. (N.D. Cal. 2005) 229 F.R.D. 152. That case

7   involved enumerated claims under both the FDCPA and RFDCPA. It did not address the issue of

8   whether plaintiff is entitled to additional damages under the FDCPA, absent showing a violation of the

9   FDCPA. *Id*. Regardless, Cal. Civ. Code §1788.17 does not entitle plaintiff to double recovery of the

10  FDCPA damages, in addition to damages awarded for a RFDPCA violation under Cal. Civ. Code

11  §1788.30. Napier v. Titan Management Services, LLC (N.D. Cal. 2008) 2008 WL 2949274, *3. As

12  such, plaintiff must still show a violation of the FDCPA to be entitled to FDCPA damages, as

13  incorporated by Cal. Civ. Code §1788.18. Thus, a substantial federal question is pled.

14

15  **IV.    FEES AND COSTS SHOULD NOT BE AWARDED BECAUSE THERE WAS A
        REASONABLE BASIS FOR REMOVAL AND PLAINTIFF FAILED TO MEET
        AND CONFER WITH DEFENDANT PRIOR TO FILING HER MOTION.**

16

17  Even if the Court were to grant the motion to remand, it should deny plaintiff's sanction request

18  under 28 U.S.C. §1447(c).

19  Pursuant to 28 U.S.C. § 1447(c), a district court may award "payment of just costs and any actual

20  expenses, including attorney fees, incurred as a result of the removal." **28 U.S.C. § 1447(c)**. An award

21  of attorney's fees under §1447(c) is not mandatory. *Id*. Rather it is left to the sound discretion of the

22  court, considering such circumstances as the nature of the removal, the nature of the remand and

23  overall fairness to the parties. *See*, Moore v. Permanente Med. Group, Inc. (9th Cir. 1992) 981 F.2d

24  443, 446; Dacey v. Morgan Stanley Dean Witter & Co. 263 F.Supp.2d 706, 712. If the court finds that

25  there was not a reasonable basis for removal, then the court has the discretion to award fees. Draper v.

26  Erb (N.D. Cal.) 1994 WL 478821, *2; *see*, Coman v. International Playtex, Inc, (N.D. Cal 1989) 713

27  F.Supp. 1324, 1329 (fees denied where grounds for removal were colorable).

28  //

**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

1    First, here, Defendant removed the case immediately after Plaintiff filed her Complaint so there

2    was no bad faith delay that prejudiced Plaintiff. *See, e.g.*, <u>Tengler v. Spare</u> (N.D. Cal.) 1995 WL

3    705142, *4-5.

4    Second, even if the Court remands to state court, Defendant's removal was reasonable in that

5    Plaintiff's Complaint specifically plead entitlement to FDCPA damages, which require Plaintiff to

6    show a violation of the FDCPA. **Cal. Civ. Code §1788.17**. *See*, <u>Zamdi-Dulabi v. Pacific Retirement</u>

7    <u>Plans Inc</u>. (N.D. Cal. 1993) 828 F.Supp. 760, 764 (declining to award fees because defendants

8    presented colorable argument for removal).

9    Third, it would be unfair to impose sanctions on Defendant. It is Defendant's understanding that

10   Cal. Civ. Code §1788.17 only permits FDCPA damages if Plaintiff shows a violation of the FDCPA.

11   Thus, removal was made in good faith in light of the law and Plaintiff's convoluted pleading.

12   Moreover, Plaintiff did not contact defendant at any time to explain that no federal claim is alleged and

13   request a stipulation to remand. *Lewellen Decl.*, ¶ 3. Rather, Plaintiff has ignored virtually all

14   communications with Defendant with the sole exception to reject (but not counter) defendant's

15   settlement offers. *Id*. at ¶4. As such, it would be unfair to Defendant to impose sanctions where

16   Plaintiff never gave it the opportunity to clarify Plaintiff's allegations before the motion to remand was

17   filed. *See*, <u>Moore v. Permanente Med. Group, Inc</u>. (9th Cir. 1992) 981 F.2d 443, 446.

18   Finally, if Plaintiff is really claiming only a violation of RFDCPA §1812.702, for failing to include

19   the requisite §1812.700 notice, and agrees to withdraw the claim for double recovery of FDCPA

20   damages under §1788.17, Defendant would agree that remand is proper. Plaintiff has not done so.

21   As such, under the circumstances, Plaintiff's request for fees and costs should be denied under

22   §1447(c).

23   //

24   //

25   //

26   //

27   //

28   //

SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND

1    **V.    CONCLUSION**

2        For the foregoing reasons, Defendant Simm Associates Inc. respectfully requests that the Court

3    deny Plaintiff's Motion to Remand and request for attorney's fees and costs.

4    Dated: August 25, 2008

                                        Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
5

6

                                        By _____
7                                           Kimberly E. Lewellen
                                            Attorney for Defendant
8                                           SIMM ASSOCIATES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

1

**CERTIFICATE OF SERVICE**

2

I, Sheri Trujillo, declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East,

5

Sacramento, CA 95825.

6

On August 25, 2008, I served the following document(s) on the parties in the within action:

7

**SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER TO REMAND**

8

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Fred W. Schwinn<br>Consumer Law Center, Inc.<br>12 South First Street<br>Suite 1014<br>San Jose, CA 95113-2404 | Attorneys for<br>PLAINTIFF RAMONA PATRICA PLAINTIFF |

I declare under penalty of perjury under the laws of the State of California that the foregoing is

a true and correct statement and that this Certificate was executed on August 25, 2008.

By _____
SHERI TRUJILLO

SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND