1  Mark E. Ellis - 127159
   Kimberly E. Lewellen - 243663
2  ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA 95825
   Tel: (916) 283-8820
4  Fax: (916) 283-8821

5  Attorneys for Defendant
   SIMM ASSOCIATES, INC.
6

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12 | RAMONA PATRICIA CARDON,           | Case No.: C08-02130 RS
13 |     Plaintiff,                    | **DECLARATION OF KIMBERLY E. LEWELLEN IN SUPPORT OF SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**
14 | v.                                |
15 | SIMM ASSOCIATES, INC. a Delaware  |
   | corporation, and DEFENDANT DOES 1 through
16 | 10,                               | Date:       September 15, 2008
   |                                   | Time:       9:00 a.m.
17 |     Defendant.                    | Judge:      Hon. James Ware
   |                                   | Courtroom:  8, 4th Floor
18 |                                   | Place:      280 South First Street
   |                                   |             San Jose, California
19

20  I, Kimberly E. Lewellen, declare:

21      1.    I am an attorney licensed to practice law in the state of California, and am an associate

22  of Ellis, Coleman, Poirier, La Voie & Steinheimer LLP, attorneys for Defendant for Simm Associates,

23  Inc. I am making this declaration in support of Simm Associates, Inc.'s Opposition to Plaintiff's

24  Motion for Order to Remand. The facts stated herein are of my own personal knowledge, and if called

25  to testify thereto, I would competently do so.

26      2.    Attached hereto as **Exhibit A** is a true and correct of Plaintiff's Complaint.

27      3.    Plaintiff's attorneys of record did not contact Simm Associates, Inc.'s attorneys' of

28                                    - 1 -

record at any time to explain Plaintiff's position that she is not alleging a federal claim, and/or to request a stipulation to remand the matter to state court. In this regard, Plaintiff did not give Simm Assoc. Inc. the opportunity to clarify Plaintiff's allegations before the motion to remand was filed.

4. Plaintiff has ignored virtually all communication from Defendant with the sole exception to reject (but not counter) defendant's settlement offers.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on this 25th day of August, 2008 in Sacramento, California.

KIMBERLY E. LEWELLEN

DECLARATION OF KIMBERLY E. LEWELLEN IN SUPPORT OF SIMM ASSOCIATES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND

# CERTIFICATE OF SERVICE

I, Sheri Trujillo, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On August 25, 2008, I served the following document(s) on the parties in the within action:

**DECLARATION OF KIMBERLY E. LEWELLEN IN SUPPORT OF SIMM ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO REMAND**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Fred W. Schwinn<br>Consumer Law Center, Inc.<br>12 South First Street<br>Suite 1014<br>San Jose, CA 95113-2404 | Attorneys for<br>PLAINTIFF RAMONA PATRICA PLAINTIFF |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 25, 2008.

By _____
SHERI TRUJILLO

- 3 -

CERTIFICATE OF SERVICE

EXHIBIT A


Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RAMONA PATRICIA CARDON

ENDORSED
2008 FEB 25 P 3: 14

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SANTA CLARA

108CV106682

| | |
|---|---|
| RAMONA PATRICIA CARDON, <br><br> Plaintiff, <br><br> v. <br><br> SIMM ASSOCIATES, INC., a Delaware corporation, and DEFENDANT DOES 1 through 10, <br><br> Defendants. | Case No. _____ <br><br> LIMITED CIVIL CASE <br> Amount demanded does <br> not exceed $10,000 <br><br> **COMPLAINT** <br><br> California Civil Code § 1812.700, *et seq.* <br> California Civil Code § 1788, *et seq.* |

Plaintiff, RAMONA PATRICIA CARDON (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### INTRODUCTION

1. This Complaint seeks to remedy Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which allows enforcement in any court of competent jurisdiction. The California

-1-
COMPLAINT

1  Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not grant jurisdiction on any other trial court in California.

3. This Court has jurisdiction over each Defendant named herein because, based on information and belief, each defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in the Santa Clara Superior Court pursuant to California Code of Civil Procedure ("C.C.P.") §§ 393 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Santa Clara.

## PARTIES

5. Plaintiff, RAMONA PATRICIA CARDON, is a natural person residing in Santa Clara County. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h).

6. Defendant, SIMM ASSOCIATES, INC. (hereinafter "SIMM"), is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at: 800 Pencader Drive, Newark, Delaware 19702-3354. SIMM may be served as follows: Simm Associates, Inc., c/o Gregory Simendinger, 800 Pencader Drive, Newark, Delaware 19702-3354. The principal purpose of SIMM is the collection of debts using the mails and telephone, and SIMM regularly attempts to collect debts alleged to be due another. SIMM is a "debt collector" within the meaning of Civil Code § 1788.2(c). SIMM is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

7. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this

-2-
COMPLAINT

time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" within the meaning of Civil Code § 1788.2(c). Defendant, DOES 1-10, are, and each of them is, a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

8. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

9. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Merrick Bank, (hereinafter "the alleged debt"). The alleged debt was primarily incurred for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

10. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

11. On or about July 18, 2007, Defendants sent a collection letter to Plaintiff which was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the debt.

12. A true and accurate copy of the July 18, 2007 collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

# FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*)**

14. Plaintiff brings the first cause of action against Defendants under the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33 and §§ 1812.700-1812.702.

15. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 13 above.

16. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

17. Defendant, SIMM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

18. Defendant, SIMM is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

19. The financial obligation allegedly owed to Merrick Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

20. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Plaintiff, in violation of Cal. Civil Code § 1788 *et seq.*, as incorporated by Cal. Civil Code § 1812.702.

21. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

22. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

23. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to

1  an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil
2  Code §1788.17.
3      24.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to
4  an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and
5  15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.
6      25.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the
7  RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies
8  that the Plaintiff may have under any other provision of law.

## PRAYER FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et seq.*, and Cal. Civil Code § 1812.700(a).

c. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

d. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

e. Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17; and

f. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: _____
Fred W. Schwinn, Esq.
Attorney for Plaintiff
RAMONA PATRICIA CARDON

-5-
COMPLAINT

Department 4121
PO Box 1259
Oaks PA 19456

**SIMM** ASSOCIATES, INC.
800 PENCADER DRIVE
NEWARK DE 19702
(302) 283-2800 · (800) 864-6033

| Account #: | Balance: |
|---|---|
| 2456528 | $853.87 |
| Client: MERRICK BANK | |

3982 - 145

S-ONSIMM10 L-49 A-4120613060020143
P0088000700001 I00001
RAMONA CARDON
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750

SIMM ASSOCIATES, INC.
P.O. BOX 7526
NEWARK DE 19714-7526

Opt-Out Notice (See back for details)

Detach Upper Portion And Return With Payment

July 18, 2007

CLIENT: MERRICK BANK
BALANCE: $853.87
ACCOUNT #: 4120613060020143

Dear RAMONA CARDON,

Our client is now taking the necessary steps to recover the outstanding amount of $853.87. They have retained us to review your account and commence collection activity.

Enclose your payment in the envelope provided and make your check or money order payable to SIMM Associates, Inc. If you need to pay the above amount in monthly installments, call our office to make suitable arrangements.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

*Jeffrey S. Simendinger*

Jeffrey S. Simendinger
Vice President
(800) 864-6033 ext. 512



EXHIBIT 1

PLEASE: To ensure proper credit remit payment directly to our office only.
Remit to :
SIMM Associates, Inc.
P.O Box 7526
Newark, DE 19714-7526
Payments can be made via credit card or bankdraft at:
WWW.SIMMASSOCIATES.COM/PAYMENT.HTM

**Please See Reverse Side For Important Information**

Opt-out Notice Description: Checks received in our office may be electronically processed. This is a more secure process for our customers in that the check information cannot be seen by anyone after the payment is electronically converted. You may elect to not have your check processed electronically by checking the box provided on the front of this stub.

**COLORADO RESIDENTS:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm.

**MINNESOTA RESIDENTS:**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs, license number 1135923.

**MASSACHUSETTS RESIDENTS:**
Notice of important rights

You have the right to make a written or oral request that telephone calls regarding your debt not to be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked and delivered within seven days of such request. You may terminate this request by writing to the collection agency.

If you wish to discuss this matter, please call us direct, between the hours of 8:00 am and 5 pm EST, at the telephone number listed on the front of this notice. Local address: 15 Union Street, Lawrence MA 01840. Office hours are: Mon-Thurs: 8 am - 8 pm, Fri: 8 am - 5 pm, Sat: 8 am - 12 pm EST.

**TENNESSEE:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**MAINE Hours of operation:**
Mon-Thurs: 8am - 10pm, Fri: 8am - 4pm, Sat: 8am - 12 pm EST.

**NORTH CAROLINA:**
North Carolina Department of Insurance, permit number 3947.

**WISCONSIN:**
This collection agency is licensed by the: Office of the Administrator of the Division of Banking, P.O.Box 7876, Madison, Wisconsin 53707

Department 4121
PO Box 1259
Oaks PA 19456

S-DNSMMN101-48 A-4125130BD020143
P008800070000100001
RAMONA CARDON
893 LENZEN AVE APT 314
SAN JOSE CA 95126-2750

3982 - 145

SAN JOSE 95126

FIRST-CLASS

FIRST-CLASS MAIL
PRESORTED
US POSTAGE
PAID
PSC

**CIVIL LAWSUIT NOTICE**
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **108CV106682**

ATTACHMENT CV-5012

> **READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Kevin J Murphy**   Department: **22**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: **JUL 2 2 2008**  Time: **3:00 PM**  in Department **22**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____   Time: _____   in Department _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

- Mediation may be appropriate when:
    - The parties want a non-adversary procedure
    - The parties have a continuing business or personal relationship
    - Communication problems are interfering with a resolution
    - There is an emotional element involved
    - The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

- Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

    Arbitration may be appropriate when:
    - The action is for personal injury, property damage, or breach of contract
    - Only monetary damages are sought
    - Witness testimony, under oath, is desired
    - An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

- **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

    Neutral evaluation may be appropriate when:
    - The parties are far apart in their view of the law or value of the case
    - The case involves a technical issue in which the evaluator has expertise
    - Case planning assistance would be helpful and would save legal fees and costs
    - The parties are interested in an injunction, consent decree, or other form of equitable relief

- **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

    Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

- **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

    Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06