1 Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2 12 South First Street, Suite 1014
San Jose, California 95113-2418
3 Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4 Email Address: fred.schwinn@sjconsumerlaw.com

5 Attorney for Plaintiff
RAMONA PATRICIA CARDON

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| RAMONA PATRICIA CARDON,<br><br>                Plaintiff,<br><br>v.<br><br>SIMM ASSOCIATES, INC., a Delaware corporation, and DEFENDANT DOES 1 through 10,<br><br>                Defendants. | Case No.  C08-02130-JW-RS<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO REMAND**<br><br>Date:         September 15, 2008<br>Time:        9:00 a.m.<br>Judge:       Honorable James Ware<br>Courtroom:  8, 4th Floor<br>Place:       280 South First Street<br>             San Jose, California |

**POINTS AND AUTHORITIES**

Defendants oppose Plaintiff's Motion for Remand, arguing that Plaintiff's claims should be removed to federal court because she has asked for "damages pursuant to 15 U.S.C.A. § 1692k, as incorporated by Civ. Code § 1788.17."[1] Defendants further argue, "Under Plaintiff's explanation of her claims, she essentially argues that she is entitled to double recovery for a single violation of state law. However, as the double recovery is based on a claim of damages under federal law, a substantial question of federal law essentially exists."[2]

Plaintiff argues that Defendants are mistaken in their understanding of the Rosenthal Fair

---

[1] Simm Associates, Inc.'s Opposition to Plaintiff's Motion for Order to Remand (Doc. 12) (hereinafter "Opposition") at 4:14-15.

[2] Opposition at 5:1-3.

-1-

1  Debt Collection Practices Act. Cal. Civil Code § 1788.17 states in relevant part:

2  Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, **and** shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. (emphasis added).

Defendants argue that questions of federal law exist because the Federal Fair Debt Collection Practices Act is referenced in this California provision. However, this is not a correct reading of the statute. "California simply incorporated by reference the text of certain federal provisions into the CFDCPA, rather than copying them verbatim into the California code. Any resulting liability, however, remains a state claim."[3] California's incorporation by reference of the federal FDCPA does not create a federal question for this Court — the RFDCPA remains state law and claims arising under the RFDCPA are state law issues.

Defendants also argue that, "By the terms of Civ. Code § 1788.17, in order for there to be a violation of the Rosenthal FDCPA and entitlement to FDCPA § 1692k remedies, Plaintiff must show that Defendant failed to comply with the FDCPA §§ 1692b to 1692j."[4] Defendants support this argument by citing to the text of Cal. Civil Code § 1788.17, and two cases, *Hood v. Santa Barbara Band & Trust*,[5] and *Winter v. I.C. Systems Inc.*[6]

Contrary to Defendants' argument, the language of Cal. Civil Code § 1788.17, quoted above, does not condition its remedies on a violation of the federal FDCPA §§ 1692b to 1692j. Apparently Defendants argue that the word "and" between the first and second clauses of the sentence acts as a conjunctive, however, "the word 'and' can be either conjunctive or disjunctive."[7] Because "terms

---

[3] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

[4] Opposition 3:11-14.

[5] 143 Cal. App. 4th 526, 554 (Cal. App. 2d 2006).

[6] 543 F. Supp. 2d 1210, 1212 (S.D. Cal. 2008).

[7] *Reese Bros., Inc. v. United States*, 447 F.3d 229, 235-236 (3rd Cir. 2006), *citing, Slodov v. United States*, 436 U.S. 238, 98 S. Ct. 1778, 56 L. Ed. 2d 251 (1978).

connected by a disjunctive [are] given separate meanings, unless the context dictates otherwise,"[8] the "and" in Cal. Civil Code § 1788.17 simply lists separate sections of the federal FDCPA which the California legislature chose to incorporate by reference into the Rosenthal FDCPA.

Here, the legislative history of the 1997 amendments to the Rosenthal FDCPA, which incorporated parts of the federal FDCPA, provides the context to support a finding that the word "and" should be disjunctive in this case. The 1997 amendment incorporated parts of the federal FDCPA for two distinct purposes: to increase the remedies available to the consumer, and to strengthen the regulations imposed under California law. The Senate Judiciary Committee notes on the subject discuss these dual purposes, explaining that incorporating the federal remedies will allow consumers to pursue class actions and receive actual damages for violations of the Rosenthal FDCPA.[9] This legislative history also discusses the need to harmonize the violations of these acts to make it easier to understand the standards required, and easier to enforce the Rosenthal FDCPA.[10]

Because the California Legislature wanted to make the remedies of the federal FDCPA available to California consumers for the violation of any section of the Rosenthal FDCPA, the "and" in Cal. Civil Code § 1788.17 should be read as a disjunctive. A conjunctive reading of the word "and" would require a violation of federal FDCPA §§ 1692b-1692j before the incorporated remedies are available to a consumer. This interpretation of the statutory scheme would be contrary to the California Legislature's intent. Further, the Rosenthal FDCPA — a consumer protection statute — should be interpreted liberally with an eye to protecting California consumers — the intended class of persons the statutory scheme is designed to benefit. Here, a disjunctive reading of the word "and" would further the California Legislature's intended purpose of increasing consumer protections, and should be adopted by this Court.

Defendants' citation to the *Hood* and *Winter* cases involve situations where the court was

---

[8] *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 60 L. Ed. 2d 931, 99 S. Ct. 2326 (1979).

[9] California Senate Judiciary Committee report on Assembly Bill 969 (Papan) at pages 1-4. A certified copy of this document is attached as Exhibit "A" to Plaintiff's Request for Judicial Notice in Support of Motion for Order to Remand filed herewith.

[10] *Id.*

-3-

discussing the interplay between the federal FDCPA and the Rosenthal FDCPA. In *Hood* the court stated:

> Appellants seek to redress the violation of federal standards that have been adopted as part of California law. For example, appellants allege that respondents violated Civil Code section 1788.17, part of the Rosenthal Fair Debt Collection Practices Act, which requires debt collectors to comply with the federal Fair Debt Collection Practices Act.[11]

The *Hood* court specifically stated that the "federal standards . . . have been adopted as part of California law."[12] This clear statement supports Plaintiff's position that no question of federal law exists with regard to the California FDCPA — this is an issue of California law better suited for a California state court.

The language referenced in *Winter* is similar. The *Winter* court stated "The Rosenthal Act establishes liability under California law for violations of the FDCPA. Cal. Civ. Code § 1788.17."[13] Again, this statement supports Plaintiff's position that claims under Cal. Civil Code § 1788.17 are matters of "California law."

Neither of these cases cited by Defendants support a conjunctive reading of the word "and" in Cal. Civil Code § 1788.17. Further, both of these cases support Plaintiff's argument that no federal question arises when a California consumer seeks the remedies in Cal. Civil Code § 1788.17, as these remedies remain issues of state law.

For the reasons stated herein, Plaintiff respectfully requests that the Court enter an order remanding this case to the Superior Court of California, County of Santa Clara, from whence it came.

CONSUMER LAW CENTER, INC.

Dated: September 2, 2008        By: /s/ Fred W. Schwinn
                                    Fred W. Schwinn, Esq.
                                    Attorney for Plaintiff
                                    RAMONA PATRICIA CARDON

---

[11] *Hood v. Santa Barbara Band & Trust,* 143 Cal. App. 4th 526, 554 (Cal. App. 2d 2006).

[12] *Id.*

[13] *Winter v. I.C. Systems Inc.,* 543 F.Supp.2d 1210, 1212 (S.D. Cal. 2008).