1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   RAMONA PATRICIA CARDON
6

7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10 RAMONA PATRICIA CARDON,            Case No.  C08-02130-JW-RS

11                    Plaintiff,      REQUEST FOR JUDICIAL NOTICE
                                      IN SUPPORT OF MOTION FOR
12 v.                                 ORDER TO REMAND

13 SIMM ASSOCIATES, INC., a Delaware  [Fed. R. Eivd. 201]
   corporation, and DEFENDANT DOES 1
14 through 10,                        Date:       September 15, 2008
                                      Time:       9:00 a.m.
15                    Defendants.     Judge:      Honorable James Ware
                                      Courtroom:  8, 4th Floor
16                                    Place:      280 South First Street
                                                  San Jose, California
17

18         Pursuant to Federal Rule of Evidence 201, Plaintiff requests that this Court take judicial

19 notice of the following documents:

20         1.      California Senate Judiciary Committee report on Assembly Bill 969 (Papan),

21 a certified copy of which is attached hereto as Exhibit "A."  This document is a certified copy of a

22 public record pursuant to Fed. R. Evid. 902(4).

23                                    Respectfully Submitted,

24 Dated: September 2, 2008           CONSUMER LAW CENTER, INC.

25

26                                    By: /s/ Fred W. Schwinn_____
                                          Fred W. Schwinn, Esq.
27                                        Attorney for Plaintiff
                                          RAMONA PATRICIA CARDON

28

REQUEST FOR JUDICIAL NOTICE                              Case No. C08-02130-JW-RS

# Exhibit "A"



# SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of _49_ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of

APR 1 3 2004

Secretary of State

Sec/State Form CE-108 (rev. 1/03)

 OSP 03 74671

## SENATE JUDICIARY COMMITTEE
### Adam B. Schiff, Chairman
### 1999-2000 Regular Session

AB 969
Assembly Member Papan
As Amended May 18, 1999
Hearing Date: July 7, 1999
Civil Code
DLM:cjt

A
B

9
6
9

## SUBJECT

Debt Collectors

## DESCRIPTION

This bill would incorporate by reference selected provisions from the Federal Debt Collection Practices Act (FDCPA). Specifically, this bill would:

- Adopt the provisions of the Federal Debt Collection Practices Act relating to: acquisition of location information; communication in connection with debt collection; harassment or abuse; false or misleading representations; unfair practices; validation of debts; multiple debts; legal actions by debt collectors; and furnishing certain deceptive forms.

- Exclude any officer or employee from the requirements relating to initial disclosures and validation of debts, while that person is acting as a debt collector for another person, if both persons are related by common ownership or affiliated by corporate control. (In other words those companies collecting their own debts.)

- Specify that remedies for violation of the fair debt collection procedures include: actual damages and up to a $1,000 penalty for individual violations, and; actual damages and up to $500,000 or 1 percent of net worth penalty together with costs of suit and attorney's fees to the prevailing plaintiff(s) for class actions.

## BACKGROUND

Debt collection practices in California are governed by both federal and state law. The Federal Debt Collection Practices Act, and state Robbins-Rosenthal Fair Debt Collection Practices Act were both enacted in 1977. According to *The*

(more)

*Fair Debt Collection Practices Acts*, (Cont. Ed. Bar 1999 ), "Congress enacted the federal FDCPA on findings of abundant abusive, deceptive, and unfair collection practices; abusive debt collection practices that contributed to bankruptcies, family instability, job loss, invasion of privacy; inadequacy of existing law to protect consumers or to provide redress for these injuries; and the need to regulate the collection of consumer debts and provide uniform laws against unethical debt collection practices. California's Legislature responded similarly by enacting the Robbins-Rosenthal Fair Debt Collection Practices Act." Id.

## CHANGES TO EXISTING LAW

1. Existing law prohibits unfair debt collection activities including making of threats, using obscene language and making misrepresentations in the attempt to collect debts, or information about debtors. It allows limited contact with third persons, such as employers and family members.

   This bill would provide that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code. These sections provide, among other provisions, that a collector may not harass, oppress, or abuse a debtor, nor use obscene language. Third parties may only be contacted with the debtor's permission.

2. Existing law provides penalties for violation which include actual damages, and penalties of no less than one hundred dollars ($100) nor no greater than one thousand dollars ($1,000). Attorneys fees are also available to prevailing debtors, and to prevailing creditors if the court finds the debtor's action to be brought in bad faith. California law does not provide for class actions.

   Existing law allows a debt collector in violation to escape liability if:

   - A debt collector within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections are necessary to cure the violation with respect to the debtor, or;

   - If the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

This bill would provide that violators shall be subject to the remedies in Section 1692k of Title 15 of the United States Code, which contains the following remedies for violation:

- Actual damages and up to a $1,000 penalty for an individual violation;

- All actual damages and an amount not to exceed the lesser of up to $500,000 or 1 percent of net worth penalty together with costs of suit and attorney's fees to the prevailing plaintiff(s) for class actions.

<u>This bill</u> would allow a defense for collectors acting with a good faith belief that their action is in conformity with FTC regulations.

<u>This bill</u> would exclude any officer or employee from the requirements relating to initial disclosures and validation of debts, while acting as a debt collector for another person, if both are related by common ownership or affiliated by corporate control, (in other words a company collecting its own debt) as specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code subsection (11) of Section 1692e and Section 1692g.

<u>COMMENT</u>

1. <u>Stated need for legislation and support</u>

According to the author, "Because of our current law, violations of the Fair Debt Collection Practices Act are honored more in the breach than the observance and there is no meaningful incentives for debt collectors to comply. In addition, as demonstrated by a recent pattern of conduct by a major national retailer in fraudulently inducing debtors to validate debts after bankruptcy, absent the threat of a class action, there is no incentive to abort an illegal continuing course of conduct."

Supporters state that the bill is needed to address a growing problem. "Complaints about unfair and unlawful debt collection practices are one of the most frequent consumer problems according to the Federal Trade Commission," claims Consumers Union. "These practices include verbal harassment, telephoning consumers repeatedly within a short period of time, calling consumers at work, and contacting employers, family and neighbors about a consumer's alleged debts. Other problems involve misrepresentations, such as threats to commence civil or criminal proceedings, to garnish wages or repossess homes immediately, or to have consumers arrested or jailed, when no such intent or rights exists."

The bill's sponsor, the Attorney General, (AG) adds, "the Attorney General's office has sponsored AB 969 to harmonize state and federal law by applying federal debt collection standards and remedies to all parties defined as debt collectors under California law."

## 2. Problems with existing state law

The area of current law, which is of most concern to the proponents of this legislation, is the ability for violators to escape liability if they cure the impact of their illegal practice. Supporters argue that there is no deterrent in the existing law, and that debt collectors can flaunt the law with no threat of accountability. If any practice is complained of, all a company must do is stop calling, writing, harassing that person, and they are safe from punishment. In addition, the law limits damages to actual harm, which often means no monetary loss, as the harm to the consumer is the distress and hardship caused by the incessant presence of the debt collector. In the event a group of persons is affected, the culprit can still escape liability for all harm caused to consumers, unless each and every consumer brings a complaint. This is highly unlikely, a fact those engaged in improper debt collection practices can bank on.

Another issue of concern for proponents is the interplay of federal and state law. The federal Fair Debt Collection Practices Act only preempts state law to the extent of any inconsistency. A state law is not inconsistent if the protection such law affords any consumer is greater than the protection provided by the federal Act. However, the FTC must exempt by regulation any class of collection practices regulated by a state law that is substantially similar if there is adequate enforcement under state law. This would, theoretically, allow state law to prevail, even if a more strict federal law were in place.

This duel scheme of regulation can sometime become confusing, rendering state law unused. The sponsor argues that this bill is needed in order to establish clear lines of acceptable behavior, pointing out that other states, such a Pennsylvania and Massachusetts have similarly incorporated federal provisions to harmonize state and federal law. The AG adds that, "consistent federal and state standards would facilitate compliance and enforcement and provide a level playing field for all engaged in debt collection activity."

## 3. Federal law references translated

This bill would incorporate by reference certain provisions of federal law. Perhaps a translation would be helpful. The bill provides that every consumer debt collector shall comply with the provisions of Sections 1692b to 1692j of Title 15 USC. The following is a synopsis of those provisions:

Section 1692b is the section dealing with how one may communicate with third persons in trying to locate a debtor. It generally prohibits collectors from identifying themselves as collectors to friends, family, etc…unless asked.

Section 1692c deals with how the collector may communicate with the debtor, e.g. no late night calls, no direct communication with a person represented by council, cessation of calls once the consumer notifies the collector in writing of their intention not to pay the debt.

Section 1692d prohibits harassment and abuse.

Section 1692e prohibits false or misleading representations.

Section 1692f proscribes unfair practices, such as charging excessive interest, accepting checks postdated beyond five days, causing the debtor to incur costs associated with collection activities such as telegram fees and threatening judicial action without intent to actually go to court.

Section 1692g requires that the debtor be given the true amount of the debt, the name of the creditor to whom the debt is owed, and explanation that the debtor may contest the debt.

Section 1692h provides for distribution of payment among accounts when a person has multiple debts for which the collector is receiving payment.

Section 1692i provides for venue for any legal action to be the place where the contract giving rise to the debt was signed, or where the real property is located, for contests related to the property.

Section 1692j prohibits the use of deceptive forms which shield the identity and nature of the debt collectors communication with the debtor.

4. Suggested technical amendment

The bill references and incorporates sections of the federal code, without giving reference to an applicable point in time. This may cause a conflict if the federal law is amended. The question may arise as to what the intention of the Legislature is: to establish a set time for reference; to alter the California codes whenever federal codes are amended; and would that be a delegation of our legislative authority to amend our statutes?  While the author intends to incorporate federal judicial interpretations of the federal provisions referenced in the bill, he states that it is not his desire to delegate to the federal government the ability to amend California statutes by legislative fiat. In that case, the bill should be amended to reference the federal codes as of a date certain.

SHOULD THE BILL BE AMENDED TO CLARIFY THAT REFERENCES TO THE FEDERAL CODES REFER TO THOSE PROVISIONS AS THEY READ JANUARY 1, 2000?

Support:  Consumers Union

Opposition:  None Known

## HISTORY

Source:  Office of the Attorney General

Related Pending Legislation:  None Known

Prior Legislation:  None Known

Prior Vote:  Assembly Banking & Finance Committee 11-0; Assembly Floor 63-16

**************

Sent by: JetFax M910    213 897/2802;    07/01 /20.....; .....  ..... Page 3/0

*Excluded*

on collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

(7) The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

(8) The term "State" means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing.

(Pub.L. 90–321, Title VIII, § 803, as added Pub.L. 95–109, Sept. 20, 1977, 91 Stat. 875, and amended Pub.L. 99–361, July 9, 1986, 100 Stat. 768.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1968 Acts. House Report No. 1040 and Conference Report No. 1397, see 1968 U.S. Code Cong. and Adm. News, p. 1962.

1977 Acts. Senate Report No. 95–382, see 1977 U.S. Code Cong. and Adm. News, p. 1695.

1986 Acts. House Report No. 99–405, see 1986 U.S. Code Cong. and Adm. News, p. 1752.

**Amendments**

1986 Amendments. Par. (6). Pub.L. 99–361 in provision preceding subpar. (A) substituted "clause (F)" for "clause (G)", in subpar. (E) inserted "and" after "creditor;", struck out subpar. (F), which excluded from the term "debt collector" any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client, and redesignated subpar. (G) as (F).

## CROSS REFERENCES

Private counsel as debt collector, see 31 USCA § 3718.

## LIBRARY REFERENCES

**Administrative Law**

Fair Debt Collection Practices Act, scope and coverage, see West's Federal Practice Manual § 3512.

Limitations on communications, see West's Federal Practice Manual § 3514.

**Law Review and Journal Commentaries**

Acceleration notices and demand letters. Manuel H. Newburger, 47 Consumer Fin.L.Q.Rep. 338 (1993).

Fair Debt Collection Practices Act: Attorneys beware, you too may be a debt collector. Janet Flaccus, 1987 Ark.L.Notes 11.

Fair Debt Collection Practices Act; Emerging source of liability for attorneys. Christopher A. Golden, 69 N.Y.St.B.J. 14 (Feb. 1997).

Guidelines for consumer debt collection by attorneys under the 1986 Amendments to the Fair Debt Collection Practices Act. Michael K. Sweig, 21 New Eng.L.Rev. 697 (1985–86).

WESTLAW E

See WESTLAW guide following

NOTE

Agricultural loans  8
Attorneys  13
Business transactions  4
Child support  5
Civil damages  11
Collection and servicing agencies  1
Communication  1
Consumer  2
Corporate entities  20
Debt  3–11
  Generally  3
  Agricultural loans  8
  Banks and banking  10
  Business transactions  4
  Child support  5
  Civil damages  11
  Friendly loans  6
  Housing assessments  7
  Tax levy  9
Debt collector  12–23
  Generally  12
  Attorneys  13
  Banks and banking  15
  Collection and servicing age  14
  Corporate entities  20
  Employees  21
  Financing companies  16
  Guaranty agencies  19
  Insurers  18
  Judicial entities  23
  Media  22
  Mortgagees  17
Employees  21
Financing companies  16
Friendly loans  6
Guaranty agencies  19
Housing assessments  7
Insurers  18
Judicial entities  23
Media  22
Mortgagees  17
Official duties  24
Tax levy  9

Communication

...tion bureau's notices to de...as "communications" in ...with the collection of a debt ...section. In re Scrimps ...N.D.N.Y.1982, 17 B.R. 999.

Sent by: JetFax M910;   213 6972802;   07/0'  9 15:36;   JetFax #429;Page 4/8

## 15 · § 1692

**Note 3**

O'Neill Investigations, Inc., Alaska 1980, 609 P.2d 520.

**4. Purpose**

This subchapter was enacted to eliminate false, deceptive, misleading, unfair, or harassing debt collection practices. Peasley v. Telecheck of Kansas, Inc., Kan. App.1981, 637 P.2d 437, 6 Kan.App.2d 990.

This subchapter is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether valid debt actually exists. Baker v. G. C. Services Corp., C.A.9 (Or.) 1982, 677 F.2d 775.

Purpose of the Fair Debt Collection Practices Act was not to shield consumers from embarrassment and inconvenience which are natural consequences of debt collection. Dalton v. FMA Enterprises, Inc., M.D.Fla.1997, 953 F.Supp. 1525.

Broad remedial purpose of Fair Debt Collection Practices Act (FDCPA) is not concerned with intent of debt collector; it is concerned with likely affect of various collection practices on mind of least sophisticated consumer. Wiener v. Bloomfield, S.D.N.Y.1995, 901 F.Supp. 771.

Purpose of the Fair Debt Collection Practices Act is to protect consumers from unfair, deceptive, and harassing collection practices, while leaving collectors free to employ efficient, reasonable, and ethical practices in pursuit of their profession. Graziano v. Harrison, D.N.J. 1991, 763 F.Supp. 1269, reversed in part, vacated in part 950 F.2d 107.

This subchapter was designed to safeguard consumers in their dealings with business. Blackwell v. Professional Business Services of Georgia, Inc., N.D.Ga. 1981, 526 F.Supp. 535.

This subchapter was enacted by Congress to eliminate abusive, deceptive, and unfair debt collection practices. Rutyna v. Collection Accounts Terminal, Inc., N.D.Ill.1979, 478 F.Supp. 980.

## § 1692a. Definitions

As used in this subchapter—

(1) The term "Commission" means the Federal Trade Commission.

(2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

(3) The term "consumer" means any natural person obligated

---

**COMMERCE AND TRADE   Ch. 41**

**5. Debt collector**

Fact that operator of resort had acquired rights of original operator to remaining installment payments owed by resort investor at time that investor was in default, did not make operator a "debt collector" within meaning of Fair Debt Collections Practices Act (FDCPA). Griffin v. Bailey & Associates, Inc., E.D.Mo. 1994, 855 F.Supp. 1047.

A service which guaranteed payment of tenant's security deposit did not constitute a debt collector under this section in the absence of anything showing that service sought to collect damages incurred in default within meaning of this subchapter. Alexander v. Moore & Associates, Inc., D.C.Hawaii 1982, 553 F.Supp. 948.

"Debt collectors," for purposes of Fair Debt Collection Practices Act, includes attorneys whose practices are limited to purely legal matters. Shapiro and Meinhold v. Zartman, Colo.1992, 823 P.2d 120.

**6. Notice**

Validation notice, which informed debtor that he had 30 days to dispute debt and which followed with statement that if "above does not apply" debtor had ten days to pay up or civil suit could be initiated against debtor, was entirely inconsistent and failure to comply with Fair Debt Collection Practices Act (FDCPA), even though there was no evidence of actual consumer confusion. Avila v. Rubin, C.A.7 (Ill.) 1996, 84 F.3d 222.

---

**Ch. 41   CONSUMER CREDIT   15 § 1692a**

(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

(C) any officer or employee of the United States or any State to the extent that collecting of debts or attempting to collect any debt is in the performance of his official duties;

(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counselling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing

## 15 § 1692d
**Note 6**

quences of debt collection. Beattie v. D.M. Collectors, Inc., D.Del.1991, 754 F.Supp.383.

**7. Least sophisticated consumer standard**

The "least sophisticated consumer" standard is not precisely applicable to claims of harassment or abuse under section of Fair Debt Collection Practices Act, but the consumer whose protective purposes the Act requires adoption of an analogous standard in harassment and abuse cases is such that claim should be viewed from the prospective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. Jeter v. Credit Bureau, Inc., C.A.11 (Ga.) 1985, 760 F.2d 1168.

**8. Burden of proof**

Consumer, who alleged that debt collector violated this section by making abusive and obscene phone calls to her, failed to meet her burden of proving that such phone calls were made by collector. Harvey v. United Adjusters, D.C.Or.1981, 509 F.Supp. 1218.

## § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt

## COMMERCE AND TRADE   Ch. 41

**9. Summary judgment**

Material fact issue existed whether debt collection agency, which sent letters stating that it would recommend legal action made within five days, ever intended to recommend legal action against debtor, precluding summary judgment on claim that agency violated Fair Debt Collection Practices Act by threatening to take action not intended to be taken. Jeter v. Credit Bureau, Inc., C.A.11 (Ga.) 1985, 760 F.2d 1168.

In action against debt collector for violation of this subchapter, summary judgment for either party was precluded by issue of whether defendant's employee's statements to debtor violated this subchapter on theory that they would have deceived unsophisticated listener to believe that defendant was acting as credit bureau rather than debt collector. Wright v. Credit Bureau of Georgia, Inc., N.D.Ga.1982, 548 F.Supp. 591, on reconsideration 555 F.Supp. 1005.

## Ch. 41   CONSUMER CREDIT   15 § 1692e

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this subchapter.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

(Pub.L. 90–321, Title VIII, § 807, as added Pub.L. 95–109, Sept. 20, 1977, 91 Stat. 877, and amended Pub.L. 104–208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009–425.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1968 Acts. House Report No. 1040 and Conference Report No. 1397, see 1968 U.S. Code Cong. and Adm. News, p. 1962.

1977 Acts. Senate Report No. 95–382, see 1977 U.S. Code Cong. and Adm. News, p. 1695.

**Amendments**

1996 Amendments. Par. (11). Pub.L. 104–208, § 2305(a), amended par. (11) generally. Prior to amendment, par. (11) read as follows: "Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly

in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

**Effective Dates**

1996 Acts. Section 2305(b) of Pub.L. 104–208 provided that: "The amendment made by subsection (a) [amending par. (11) of this section] shall take effect 90 days after the date of enactment of this Act [Sept. 30, 1996] and shall apply to all communications made after that date of enactment [Sept. 30, 1996]."

## LIBRARY REFERENCES

**Administrative Law**

Debt collection practices, see West's Federal Practice Manual § 3511.
Prohibited types of conduct by debt collector, see West's Federal Practice Manual § 3515.

**American Digest System**

Consumer Protection ⬤10.

**Encyclopedias**

C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 237.

**Law Review and Journal Commentaries**

Acceleration notices and demand letters. Manuel H. Newburger, 47 Consumer Fin.L.Q.Rep. 338 (1993).

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## NOTES OF DECISIONS

Amount of debt   17
Communications   19
Construction   1
Credit reporting   16
Deceptive practices   10
Declaratory judgment   28
Definitions   2
Demanding payment from wrong individuals   23
Dunning letters   24
Employer contacts   8

Failure to disclose attempt to collect debt   22
Failure to state a claim   30
Garnishment, attachment, execution, or foreclosure   14
Government action   13
Identification of creditor or collector   15
Jeopardy of account   3
Least sophisticated consumer standard   20
Legal proceedings   6

244

Limitations   29
Litigation representation   12
Mass mailing   25
Misleading statements   11–16
    Generally   11
    Credit reporting   16
    Garnishment, attachment, execution or foreclosure   14
    Government action   13
    Identification of creditor or collector   15
    Litigation representation   12
Reasonable consumer standard   18
Status of collector   4
Summary judgment   27
Threats   5–9
    Generally   5
    Employer contacts   8
    Legal proceedings   6
    Unintended actions   7
    Unspecified future actions   9
Transfer of accounts   26
Unintended actions   7
Unsophisticated consumer standard
Unspecified future actions   9
Weight and conclusiveness of administrative interpretations   31
Weight and sufficiency of evidence

**Construction**

Doctrine of legislative reenactment, not incorporate into Fair Debt Collection Practices Act (FDCPA) a Federal Trade Commission (FTC) opinion or Court of Appeals decision, where Congress simply repealed attorney exemption provision of FDCPA and did not reenact entire statute. Dutton v. Wolpoff and Abramson, C... Del.) 1993, 5 F.3d 649.

**Definitions**

For purposes of prohibition in Debt Collection Practices Act (FDCPA) against representations by debt collector they are connected with government entity, "affiliate" is defined as significant condition of being united which is defined as to give personal assurance or service as guarantee. Gradisher v. GC Services Ltd. Partners (7th (Ill.) 1994, 27 F.3d 1254, on 162 F.R.D. 313.

**Jeopardy of account**

Prominent use of "credit bureau" in name of corporation engaged as both consumer reporting agency and debt collector with less noticeable indication that letter originated in collection department violated this section proscribing

## 15 § 1692f
### Note 13

garding debt, including amount, did not violate prohibition of Fair Debt Collection Practices Act (FDCPA) against use of information on envelope that could disclose nature of communication from collector to debtor; debtor could have substituted her own envelope, although collection letter requested use of printed envelope, and she could have mailed letter from postal box. Johnson v. NCB Collection Services, D.Conn.1992, 799 F.Supp. 1298, on reconsideration.

Debt collector's use of a form letter which is signed by an independent attorney who has no knowledge of, and has not conferred with the debt collector concerning, the particular debt to which the letter refers engages in an unfair collection practice as prescribed by the Fair Debt Collection Practices Act. Masuda v. Thomas Richards & Co., C.D.Cal.1991, 759 F.Supp. 1456.

**14. Seizure of property other than collateral**

Fair Debt Collection Practices Act provision prohibiting debt collector from taking nonjudicial action to effect disposition of property claimed as collateral did not prohibit the incidental taking of personal property within a car claimed as collateral...

## COMMERCE AND TRADE   Ch. 41

al at the time the car was repossessed. Larrauaga v. Mile High Collection & Recovery Bureau, Inc., D.N.M.1992, 807 F.Supp. 111.

**15. Attorneys fees**

Transaction reinstating mortgage was outside terms of mortgage and, thus, collection of attorney fees as part of reinstatement was not limited by attorney fee provision of mortgage and could not have violated Fair Debt Collection Practices Act (FDCPA) or Michigan Consumer Protection Act (MCPA). William v. Troit, E.D.Mich.1993, 822 F.Supp. 1266.

**16. Peaceful repossessions**

Repossession company acted in compliance with Connecticut's Uniform Commercial Code (UCC) and Fair Debt Collection Practices Act (FDCPA) with regard to attempted repossession of automobile, where repossession crew sought to repossess automobile at debtor's residence, crew immediately aborted efforts when debtor refused to surrender automobile, and there was no evidence indicating that attempted repossession precipitated any violent or disruptive behavior. Clark v. Auto Recovery Bureau Conn., Inc., D.Conn.1994, 889 F.Supp. 543.

## § 1692g.   Validation of debts

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the

## Ch. 41   CONSUMER CREDIT

consumer with the name and address of the original creditor, if different from the current creditor.

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**(c) Admission of liability**

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(Pub.L. 90-321, Title VIII, § 809, as added Pub.L. 95-109, Sept. 20, 1977, 91 Stat. 879.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1968 Acts. House Report No. 1040 and Conference Report No. 1397, see 1968 U.S. Code Cong. and Adm. News, p. 1962.

1977 Acts. Senate Report No. 95-382, see 1977 U.S. Code Cong. and Adm. News p. 1695.

### CROSS REFERENCES

School collection assistance, health education assistance loans to graduate students, applicability, see 42 USCA § 292l.

### LIBRARY REFERENCES

**Administrative Law**
Validation of debts, see West's Federal Practice Manual § 3513.

**American Digest System**
Consumer Protection ⚖10.

**Encyclopedias**
C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 237.

**Law Review and Journal Commentaries**
Acceleration notices and demand letters. Manuel H. Newburger, 47 Consumer Fin.L.Q.Rep. 338 (1993).

See WESTLAW guide following the Explanation...

**15 § 1692g**

**WESTLAW ELECTRONIC RESEARCH**

### Sec. 1692b. Acquisition of location information

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -

- (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

- (2) not state that such consumer owes any debt;

- (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

- (4) not communicate by post card;

- (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

- (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

## Sec. 1692c. Communication in connection with debt collection

- (a) Communication with the consumer generally
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt -
  - (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;
  - (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or
  - (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

- (b) Communication with third parties
Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

- (c) Ceasing communication
If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except -
  - (1) to advise the consumer that the debt collector's further efforts are being terminated;
  - (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
  - (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

- (d) "Consumer" defined
For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

**Sec. 1692d. Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

- (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

- (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

- (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) [1] of this title.

- (4) The advertisement for sale of any debt to coerce payment of the debt.

- (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

- (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

---

## Footnotes

[1] See References in Text note below.

**Sec. 1692e. False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

- (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

- (2) The false representation of -
    - (A) the character, amount, or legal status of any debt; or
    - (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

- (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

- (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

- (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

- (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to -
    - (A) lose any claim or defense to payment of the debt; or
    - (B) become subject to any practice prohibited by this subchapter.

- (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

- (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

- (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

- (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

- (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

- (12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

- (13) The false representation or implication that documents are legal process.

- (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

- (15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

- (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

**Sec. 1692f. Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

- (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

- (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

- (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

- (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

- (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

- (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if -
  - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
  - (B) there is no present intention to take possession of the property; or
  - (C) the property is exempt by law from such dispossession or disablement.

- (7) Communicating with a consumer regarding a debt by post card.

- (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

## Sec. 1692g. Validation of debts

- (a) Notice of debt; contents
  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
  - (1) the amount of the debt;
  - (2) the name of the creditor to whom the debt is owed;
  - (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
  - (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
  - (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

- (b) Disputed debts
  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

- (c) Admission of liability
  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

4/26/99 2:16 PM

**Sec. 1692h. Multiple debts**

If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

**Sec. 1692i. Legal actions by debt collectors**

- (a) Venue
  Any debt collector who brings any legal action on a debt against any consumer shall -
    - (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
    - (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity -
        - (A) in which such consumer signed the contract sued upon; or
        - (B) in which such consumer resides at the commencement of the action.

- (b) Authorization of actions
  Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

**Sec. 1692j. Furnishing certain deceptive forms**

- (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

- (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

Notes for AB 969

The following provisions **define persons exempt** from the **disclosure** provisions since they are first party debt collectors, i.e., collecting the debt due the company for whom they work.  This was added to the bill as introduced at line 6 of page 1.

15 U.S.C. §1692a (6) (A) (B)

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in
any business the principal purpose of which is the enforcement of security interests. The
term does not include -
(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

The following provisions are the **notice requirements** which third party debt collectors must give the debtor **but are not imposed upon first party**, i.e., collecting one's own debt.  This change relates to an issue raised by Dave Knight who represents first party debt collectors, e.g., Household Finance collecting its own debt.

15 U.S.C. 1692e (11)

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal
action.

15 U.S.C. §1692g

Sec.1692g. Validation of debts

(a) Notice of debt; contents

1

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor,

the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment,

or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) Admission of liability

The failure of a consumer to dispute the validity of a debt under this section may not be

construed by any court as an admission of liability by the consumer.

Our law has few reasonable remedies for aggrieved debtors therefore the amendment incorporates into our debt collection statute remedies under federal law as follows:

15 U.S.C. §1692k

Sec.1692k. Civil liability

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person

in an amount equal to the sum of -

2

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) Factors considered by court

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors -

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(c) Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) Advisory opinions of Commission

3

No provision of this section imposing any liability shall apply to any act done or omitted
in good faith in conformity with any advisory opinion of the Commission,
notwithstanding that after such act or omission has occurred, such opinion is amended,
rescinded, or determined by judicial or other authority to be invalid for any reason.

# FAX TRANSMISSION COVER SHEET

**BILL LOCKYER**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



300 SOUTH SPRING STREET, SUITE 5212
LOS ANGELES, CA 90013
(213) 897-2000

IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

**DATE:** July 1, 1999     **TIME:** 3:29 pm     **NO. OF PAGES:** 8
(INCLUDING COVER SHEET)

**TO:**   **NAME:** Dana Mitchell
   **OFFICE:** Senate Judiciary Committee
   **LOCATION:** State Capitol, Sacramento
   **FAX NO.** 916-445-8390          **PHONE NO.**

**FROM:**   **NAME:** Ron Reiter
   **FAX NO.** 213-897-4951          **PHONE NO.** 213-897-2628

## MESSAGE/INSTRUCTIONS

# PLEASE DELIVER AS SOON AS POSSIBLE!
## FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER

JUS 133 (6/96)

AB 969 would harmonize federal and state debt collection standards and remedies.  Other states, including Pennsylvania and Massachusetts, have similarly incorporated federal provisions to harmonize state and federal law.  The Attorney General recently has been involved with these and other states in actions against companies collecting debts through deceptive and unlawful means. The Attorney General's office believes that AB 969 would promote consistent federal and state standards that would facilitate compliance and enforcement and provide a level playing field for all engaged in debt collection activity.



## FAX TRANSMISSION COVER SHEET

> **IMPORTANT/CONFIDENTIAL:** This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office which may be privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: _____          NUMBER OF PAGES: 2
                                (Including Cover Sheet)
TIME: _____

TO:    NAME: DANA MITCHELL _____

       OFFICE: _____

       LOCATION: _____

       FAX NO. _____  PHONE NO. _____

FROM:

       NAME: _____ RONALD A. REITER _____

                    STATE OF CALIFORNIA
                    DEPARTMENT OF JUSTICE
                 OFFICE OF THE ATTORNEY GENERAL
                 300 South Spring Street, Suite 500N
                    Los Angeles, California 90013

       PHONE NO. (213) 897-2628      CALNET (8) 647-2628

       FAX NO. (213) 897-4951

COMMENTS: AB 869 PLEASE CALL IF YOU HAVE
          ANY QUESTIONS

          _____

          _____

            **PLEASE DELIVER AS SOON AS POSSIBLE!**
   IF YOU NEED ASSISTANCE REGARDING THIS TRANSMITTAL, CALL THE SENDER.



Publisher of Consumer Reports

RECEIVED
JUN 18 1999

June 16, 1999

TO:        Members, Senate Judiciary Committee

FROM:      Earl Lui, Senior Attorney

RE:        **AB 969 (Papan), as amended May 18: <u>SUPPORT</u>**

HEARING:   Tuesday, June 22, 1999

---

Consumers Union, the nonprofit publisher of *Consumer Reports* magazine, urges you to support AB 969 (Papan) when it is heard in the Senate Judiciary Committee. This bill, sponsored by the Attorney General, would simply conform California law on debt collection to federal law. Because federal law contains stronger protections for consumers, we support this change.

Complaints about unfair and unlawful debt collection practices are one of the most frequent consumer problems according to the Federal Trade Commission. These practices include verbal harassment, telephoning consumers repeatedly within a short time period, calling consumers at work, and contacting employers, family and neighbors about a consumer's alleged debts. Other problems involve misrepresentations, such as threats to commence civil or criminal proceedings, to garnish wages or to repossess homes immediately, or to have consumers arrested or jailed, when no such intent or right exists. AB 969 would help prevent these problems and for these reasons we urge an "aye" vote.

cc:    Assembly Member Papan
       Counsel, Senate Judiciary Committee

Notes regarding AB 969

There are no Code of Federal Regulations' provisions applicable to the Fair Debt Collection statues as is the case, for example, with Regulations E and Z.  The only regulations are 16 CFR 901.1 – 901.8 which are for the purposes of establishing "…procedures and criteria whereby States may apply to the Federal Trade Commission for exemption of a class of debt collection practices within the applying State from the provisions of the Fair Debt Collection Practices Act as provided in section 817 of the Act, 15 U.S.C. 1692o."

The titles of the regulations are as follows:

901.1 Purpose.

901.2 Application.

901.3 Supporting documents.

901.4 Criteria for determination.

901.5 Public notice of filing.

901.6 Exemption from requirements.

901.7 Adverse determination.

901.8 Revocation of exemption.



Notes relating to April 29, 1999 amendment of AB 969

The following are the descriptions of the exempted from the provisions of subsections (11) in §§1692e and 1692g

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

**BILL LOCKYER**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
Public: 916/324-5494

Facsimile: 916/322-2630
916/324-5494

APR 1 ~ 1999

April 12, 1999

The Honorable Louis J. Papan
California State Assembly
State Capitol, Room 3173
Sacramento, California 95814

| LJP _____ | BG _____ |
| ER _____ | MS _____ |
| LL _____ | BY _____ |
| DR _____ | _____ |
| AT _____ | _____ |

RE:    Support for your measure AB 969

Dear Assembly Member Papan:

The Attorney General is pleased to sponsor your measure, AB 969 relating to debt collection practices.

This important bill will further ensure that consumers are protected from misleading and unfair debt collection practices by extending the requirements of the Federal Fair Debt Collection Practices Act to creditors collecting their own debts, in addition to third party debt collectors.

If we can be of further assistance, please do not hesitate to contact us.

Sincerely,

CYRUS J. RICKARDS
Deputy Attorney General
Office of Legislative Affairs

For    BILL LOCKYER
Attorney General

cc:    Mr. Rick Simpson, Governor's Office
The Honorable Dave Cox, Vice Chair
Banking & Finance Committee

S/C Just
AB 969   '99-00

SECRETARY OF STATE, KEVIN SHELLEY

The Original of This Document is in
CALIFORNIA STATE ARCHIVES
1020 "O" STREET
SACRAMENTO, CA 95814