United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ramona Cardon, | NO. C 08-02130 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| Simm Associates, Inc., | |
| Defendant. | |

Ramona Cardon ("Plaintiff") brought this action in state court against Simm Associates, Inc. ("Defendant"), alleging a single cause of action for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCP"), California Civil Code § 1812.700, *et seq.* and § 1788, *et seq.* Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441(b). Plaintiff alleges that Defendant engaged in abusive, deceptive and unfair debt collection practices in violation of the RFDCP.

Presently before the Court is Plaintiff's Motion to Remand. (hereafter, "Motion," Docket Item No. 10.) The Court finds it appropriate to take the motion under submission without oral argument. See Civ. L.R. 7-1(b). Plaintiff moves to remand the action to the Santa Clara Superior Court on the ground that her Complaint does not state a federal cause of action on its face. (Motion at 4.)

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores, 2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005). Removal statutes are construed restrictively.

Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant contends that on the face of the Complaint, Plaintiff alleges a "violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, as incorporated by Civ. Code § 1788.17" and that Plaintiff "seeks damages under both state and federal laws. (Simm Associates, Inc.'s Opposition to Plaintiff's Motion for Order to Remand at 2, hereafter, "Opposition," Docket Item No. 12.) Defendant cites the following allegations as the basis for invoking federal jurisdiction:

> As a result of Defendant's violation of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.
>
> As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.20(c) and statutory damages pursuant to 15 US.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

(Opposition at 3; Notice of Removal, Complaint ¶¶ 23, 24, Docket Item No. 1.) Defendant's contention raises two issues: (1) whether the FDCPA preempts the RFDCPA; and (2) whether a state's incorporation of a federal statute confer subject matter jurisdiction in federal court.

With respect to the first issue, the RFDCPA provides, in relevant part, "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code." Cal. Civ. Code § 1788.17. Thus, the FDCPA does not preempt the RFDCPA. See Alkan v. Climortgage, Inc., 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004). "Instead, California has simply incorporated by reference the text of certain federal provisions into the [RFDCPA], rather than copying them verbatim into the California code." Id.

With respect to the second issue, it is well established that the fact that a federal issue is an "ingredient" in a plaintiff's state claim is insufficient to confer federal jurisdiction. See Merrell Dow

Pharmaceuticals v. Thompson, 478 U.S. 804, 807 (1986); Moore v. Chesapeake & Ohio R. Co., 291 U.S. 205, 216-17 (1934) (holding that violation of federal standards as an element of state recovery did not transform a state action into a federal one).

In this case, Plaintiff does not discuss any federal laws in her Complaint. Plaintiff names instead a series of state laws and regulations that are promulgated pursuant to their federal counterparts. The Court finds that this connection is insufficient to confer federal jurisdiction. Since Plaintiff's right to relief does not depend on the resolution of substantial federal questions, it is appropriately decided in state court.

Accordingly, the Court GRANTS Plaintiff's Motion to Remand. The Court declines to award fees and costs since the removal was made in good faith.

The Clerk shall immediately remand this case to the Superior Court of the County of Santa Clara and close this file.

Dated:  September 11, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fred W. Schwinn fred.schwinn@sjconsumerlaw.com
Kimberly Elizabeth Lewellen klewellen@ecplslaw.com
Mark E. Ellis mellis@ecplslaw.com

**Dated:  September 11, 2008**               **Richard W. Wieking, Clerk**

                                              **By:   /s/ JW Chambers**
                                                    **Elizabeth Garcia**
                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California